UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CARLOS D. THOMAS,

    Petitioner,

    v.                                      CAUSE NO. 3:21-CV-23-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Carlos Thomas, a prisoner without a lawyer, filed an amended habeas corpus petition challenging the disciplinary decision (MCF-20-8-134) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of assaulting staff in violation of Indiana Department of Correction Offense 117. Following a hearing and an administrative appeal, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class.

Thomas argues that he is entitled to habeas relief because correctional staff did not document or grant his evidentiary requests. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). According to the screening report, Thomas did not request any evidence. ECF 10-2. Though Thomas suggests that he made requests that correctional staff did not document, he does not describe the requested evidence, nor does he explain how such evidence would have affected the outcome of

his case. Therefore, the argument that Thomas was not allowed to present evidence is not a basis for habeas relief.

Thomas argues that he is entitled to habeas relief because the hearing officers were not impartial decisionmakers because they necessarily had an interest in supporting their colleagues and because they were not judicial officers. The Supreme Court of the United States has held that correctional officers presiding over disciplinary hearings are sufficiently impartial decisionmakers for purposes of due process. *Wolff v. McDonnell*, 418 U.S. 539, 570–71 (1974). These officers are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). However, due process prohibits a correctional officer who was personally and substantially involved in the underlying incident from acting as a decisionmaker in the case. *Id.* The record contains no indication that the hearing officers had any personal involvement in the underlying charge and no indication of any other type of improper bias. As a result, the claim of improper bias is not a basis for habeas relief.

Because Thomas has not asserted a valid claim for habeas relief, the habeas petition is denied. If Thomas wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the amended habeas corpus petition (ECF 3);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Carlos D. Thomas leave to proceed in forma pauperis on appeal.

SO ORDERED this July 14, 2021.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge